## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ZAIYAIR ALI CULBRETH GUYTON,  :
      Plaintiff,  :
        :
    v.  :        **CIVIL ACTION NO. 19-CV-3541**
        :
CURRAN-FROMHOLD  :
CORRECTIONAL FACILITY,  :
      Defendant.  :

### MEMORANDUM

**GOLDBERG, J.**                                      **AUGUST 8, 2019**

      Plaintiff Zaiyair Ali Culbreth Guyton, who is representing himself (proceeding *pro se*) brings this civil action pursuant to 42 U.S.C. § 1983 against the Curran-Fromhold Correctional Facility ("CFCF"). Guyton seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant Guyton leave to proceed *in forma pauperis* and dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### I.      FACTS

      The Court understands Guyton to be bringing constitutional claims based on the conditions at CFCF, where Guyton was incarcerated from November 21, 2014 through March 24, 2016. Guyton alleges that CFCF was overcrowded, so he "was forced to live in inhumane conditions where 3 men were forced to live in one cell for almost 4 months straight at one point." (Compl. at 7.)[1] Guyton seeks monetary damages for depression, paranoia, "small forms of P.T.S.D." and other "mental and emotional damages." (*Id.* at 8.)

---

[1] The Court adopts the pagination assigned to the Complaint by the CM-ECF docketing system.

## II.    STANDARD OF REVIEW

The Court grants Guyton leave to proceed *in forma pauperis* because it appears that he is not capable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). The Court may also consider matters of public record. *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). Additionally, the Court may dismiss claims based on an affirmative defense if the affirmative defense is obvious from the face of the complaint. *See Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006); *cf. Ball v. Famiglio*, 726 F.3d 448, 459 (3d Cir. 2013), *abrogated on other grounds by*, *Coleman v. Tollefson*, 135 S. Ct. 1759, 1763 (2015). As Guyton is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III.    DISCUSSION

Guyton's claims are time-barred. Pennsylvania's two-year limitations period applies to Guyton's § 1983 claims. *See* 42 Pa. Cons. Stat. § 5524; *Wallace v. Kato*, 549 U.S. 384, 387 (2007). The limitations period began to run from the time Guyton "knew or should have known of the injury upon which [his] action is based." *Sameric Corp. of Del., Inc. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998).

Guyton is bringing claims based on conditions in which he was held from November 21, 2014 through March 24, 2016. However, he did not file this lawsuit until August 6, 2019, more than two years after his claims accrued. Guyton knew or should have known of the conditions in which he was incarcerated at the time he was held in those conditions. Accordingly, Guyton's claims are time barred.[2]

## IV.  CONCLUSION

For the foregoing reasons, the Court will dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Guyton will not be given leave to amend because amendment would be futile. An appropriate Order follows.

**BY THE COURT:**

_____

**MITCHELL S. GOLDBERG, J.**

---

[2] There is no basis for tolling here. In any event, there are other reasons why Guyton's claims fail even if they were not time-barred. CFCF is not an entity subject to suit under § 1983. *See Regan v. Upper Darby Twp.*, Civ. A. No. 06-1686, 2009 WL 650384, at *4 (E.D. Pa. Mar. 11, 2009) (explaining that a "prison or correctional facility is not a 'person' that is subject to suit under federal civil rights laws"). Additionally, Guyton's allegations are mostly conclusory and do not, even under a liberal reading, support a plausible constitutional claim. *See Wilson v. Seiter*, 501 U.S. 294, 305 (1991) ("Nothing so amorphous as 'overall conditions' can rise to the level of cruel and unusual punishment when no specific deprivation of a single human need exists."); *Bell v. Wolfish*, 441 U.S. 520, 542-43 (1979) (double-bunking did not violate constitutional rights of pretrial detainees when detainees had sufficient space for sleeping and use of common areas, and the average length of incarceration was 60 days); *Lindsey v. Shaffer*, 411 F. App'x 466, 468 (3d Cir. 2011) (per curiam) ("The critical issue for Eighth Amendment purposes is not the number of prisoners who share facilities; rather, it is whether the alleged overcrowding has somehow harmed the prisoner."); *Hubbard v. Taylor*, 538 F.3d 229, 232-35 (3d Cir. 2008) (triple-celling of pretrial detainees, some of whom were made to sleep on floor mattresses for three to seven months, and housing of detainees in gym, weight room, and receiving area due to overcrowding, did not amount to punishment).